Dr. Jocelyn M. Elders, Director Arkansas Department of Health 4815 W. Markham Street Little Rock, AR 72205
Dear Dr. Elders:
This is in response to your request for an opinion on the following questions concerning the Air Conditioning and Heating Contractors Board, or "HVACR", as you refer to it, and the Department of Health's authority to enact certain regulations affecting the heating, ventilation, air conditioning, and refrigeration industry. Specifically, your questions are:
 (1) Is the HVACR Board, which was established under Act 704 of 1987, a legal functioning board? If it is a viable Board, what authority does it currently have?
 (2) Could the Department of Health, under existing authority of Act 200 of 1951, as amended, accomplish the following? (a) Adopt a mechanical code, similar to that of the State Plumbing Code, to use in regulating the HVACR industry? (b) Penalize anyone who would violate this mechanical code? (c) Assess and collect fees for licensure of HVACR mechanics, for several categories of license? (d) Inspect HVACR installations and equipment to ensure compliance with the HVACR code? If so, can the Department of Health charge inspection fees? (e) Use the Board appointed under Act 704 of 1987 as a licensing board until one could properly be established and appointed under a future law?
Your first question deals with the authority of the Air Conditioning and Heating Contractors Board. The Board was created under Act 704 of 1987. That act authorizes creation of the Board, establishes the number of members, provides the manner of their appointment, and outlines the Board's powers. The only power given the Board is found in Section 3 of the act which provides in pertinent part as follows: The Air-Conditioning and Heating Contractors Board and the State Department of Health shall work together in drafting proposed legislation to be presented to the Joint Interim Committee on State Agencies and Governmental Affairs no later than July 1, 1988, which proposal shall include provisions for licensing Master Air-Conditioning and Heating Contractors and journeymen and apprentices; a program of inspections to be conducted by the State Health Department; and the establishment of an Air-Conditioning and Heating Code for the State.
Under this language, the only power given the Board is to work with the Department of Health to draft proposed legislation. Such legislation was to be submitted to the Joint Interim Committee on State Agencies and Governmental Affairs prior to July 1, 1988. This time period having passed, it must be concluded that the answer to your first question is "no". While the Board was legally created, the time for exercise of its authorized powers has passed. It thus is no longer a functioning board. This conclusion is buttressed by the fact that Act 704 of 1987 was never codified in the Arkansas Code. A publisher's note at the beginning of Title 20, chapter 7, however, refers to the Board as follows: For temporary provision creating an Air-Conditioning and Heating Contractors Board to work with the Department of Health on a two-year study concerning regulation of air-conditioning and heating contractors, see Acts 1987, No. 704.
This language acknowledges that the Board was created as a temporary entity. Thus it is my opinion that the Board, although it may still exist as a legal entity, has no further functions or powers.
Your second question inquires as to whether the Department of Health, under existing Act 200 of 1951 (A.C.A. 17-31-101 et seq. (Supp. 1987), and in the absence of any new legislation drafted in conjunction with the Air-Conditioning and Heating Contractors Board, could implement essentially the same regulatory scheme envisioned by Act 704 of 1987. It is my assumption from your question, and from a review of the Acts of the Regular Session of 1989, that no legislation was passed pursuant to the efforts of the Board and the Department of Health.
It is my opinion that the answer to your second question, and all of its subparts, is "no". The legislature, by enactment of Act 704 of 1987, clearly intended that legislation be necessary to implement the regulatory scheme which is the subject of your second question. It is my opinion that where, as here, the legislature has created a specific entity to work on proposed legislation to regulate a certain industry, it is the legislature's intent that the regulation of that industry be pursuant to specific statute.
Section 17-31-101 et seq. (Supp. 1987) regulates the plumbing industry. To the extent these provisions currently regulate activities falling within the heating and air-conditioning industry, such as the installation of gas appliance pipelines, compliance is mandatory and may be enforced by the proper entities. These provisions do not, however, stand as general authority to enact the regulations about which you inquire in question two.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.